UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

CHELSEE RAYNSFORD,

    Plaintiff,

v.

BREEZY BUDDHA CAFÉ, LLC,
SIU S. TONG and CINDY M. SHI,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CHELSEE RAYNSFORD, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, BREEZY BUDDHA CAFE, LLC, SUI S. TONG and CINDY M. SHI, and allege as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, BREEZY BUDDHA CAFE, LLC was an employer

as defined by the FLSA.

6. At all times material hereto, BREEZY BUDDHA CAFE, LLC was Plaintiff's employer as defined by the FLSA.

7. At all times material hereto, BREEZY BUDDHA CAFE, LLC was Plaintiff's employer.

8. At all times material hereto, BREEZY BUDDHA CAFE, LLC was an LLC in the State of Florida.

9. At all times material hereto, BREEZY BUDDHA CAFE, LLC was conducting business in this judicial district.

10. At all times material hereto, BREEZY BUDDHA CAFE, LLC's principal place of business was in Key West, Florida.

11. At all times material hereto BREEZY BUDDHA CAFE, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §203.

12. At all times material hereto BREEZY BUDDHA CAFE, LLC had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

13. BREEZY BUDDHA CAFE, LLC, upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, SUI S. TONG was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, SUI S. TONG was an owner of

BREEZY BUDDHA CAFE, LLC.

16. At all times during Plaintiff's employment, SUI S. TONG was an officer of BREEZY BUDDHA CAFE, LLC.

17. At all times during Plaintiff's employment, SUI S. TONG was a director of BREEZY BUDDHA CAFE, LLC.

18. At all times during Plaintiff's employment, SUI S. TONG was a shareholder of BREEZY BUDDHA CAFE, LLC.

19. At all times during Plaintiff's employment, SUI S. TONG was paid a salary by BREEZY BUDDHA CAFE, LLC.

20. At all times during Plaintiff's employment, SUI S. TONG shared in or was entitled to a share of the profits of BREEZY BUDDHA CAFE, LLC.

21. At all times during Plaintiff's employment, SUI S. TONG had operational control over BREEZY BUDDHA CAFE, LLC.

22. At all times during Plaintiff's employment, SUI S. TONG was directly involved in decisions affecting employee compensation and hours worked by employees.

23. At all times during Plaintiff's employment, SUI S. TONG controlled the finances for BREEZY BUDDHA CAFE, LLC.

24. At all times during Plaintiff's employment, SUI S. TONG was Plaintiff's manager and/or supervisor.

25. At all times during Plaintiff's employment, SUI S. TONG's primary duty was to manage and/or supervise BREEZY BUDDHA CAFE, LLC.

26. At all times during Plaintiff's employment, SUI S. TONG customarily and

regularly directed the work of all employees at BREEZY BUDDHA CAFE, LLC.

27. At all times during Plaintiff's employment, SUI S. TONG had the authority to hire or fire other employees.

28. At all times during Plaintiff's employment, SUI S. TONG's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

29. At all times during Plaintiff's employment, CINDY M. SHI was Plaintiff's employer as defined by law.

30. At all times during Plaintiff's employment, CINDY M. SHI was an owner of BREEZY BUDDHA CAFE, LLC.

31. At all times during Plaintiff's employment, CINDY M. SHI was an officer of BREEZY BUDDHA CAFE, LLC.

32. At all times during Plaintiff's employment, CINDY M. SHI was a director of BREEZY BUDDHA CAFE, LLC.

33. At all times during Plaintiff's employment, CINDY M. SHI was a shareholder of BREEZY BUDDHA CAFE, LLC.

34. At all times during Plaintiff's employment, CINDY M. SHI was paid a salary by BREEZY BUDDHA CAFE, LLC.

35. At all times during Plaintiff's employment, CINDY M. SHI shared in or was entitled to a share of the profits of BREEZY BUDDHA CAFE, LLC.

36. At all times during Plaintiff's employment, CINDY M. SHI had operational control over BREEZY BUDDHA CAFE, LLC.

37. At all times during Plaintiff's employment, CINDY M. SHI was directly involved in decisions affecting employee compensation and hours worked by employees.

38. At all times during Plaintiff's employment, CINDY M. SHI controlled the finances for BREEZY BUDDHA CAFE, LLC.

39. At all times during Plaintiff's employment, CINDY M. SHI was Plaintiff's manager and/or supervisor.

40. At all times during Plaintiff's employment, CINDY M. SHI's primary duty was to manage and/or supervise BREEZY BUDDHA CAFE, LLC.

41. At all times during Plaintiff's employment, CINDY M. SHI customarily and regularly directed the work of all employees at BREEZY BUDDHA CAFE, LLC.

42. At all times during Plaintiff's employment, CINDY M. SHI had the authority to hire or fire other employees.

43. At all times during Plaintiff's employment, CINDY M. SHI's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

44. While working for BREEZY BUDDHA CAFÉ, LLC, a substantial part of Plaintiff's work was to process credit card transactions.

45. While working for BREEZY BUDDHA CAFÉ, LLC, a substantial part of Plaintiff's work was to process debit card transactions.

46. While working for BREEZY BUDDHA CAFÉ, LLC, Plaintiff regularly processed credit card transactions.

47. While working for BREEZY BUDDHA CAFÉ, LLC, Plaintiff regularly

processed debit card transactions.

48. While working for BREEZY BUDDHA CAFÉ, LLC, the credit and/or debit card transactions processed by Plaintiff were completed outside the State of Florida.

49. While working for BREEZY BUDDHA CAFÉ, LLC, Plaintiff was individually engaged in interstate commerce.

50. While working for BREEZY BUDDHA CAFÉ, LLC, Plaintiff was personally engaged in interstate commerce.

51. While working for BREEZY BUDDHA CAFÉ, LLC, Plaintiff was regularly a party to interstate telephone calls.

## COUNT I: FLSA RECOVERY OF MINIMUM WAGES AND TIPS

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 above.

53. Plaintiff worked for Defendants starting on approximately February 21, 2020 through June 22, 2020.

54. Plaintiff worked for Defendants as a bartender, server and food expeditor handling take-out food orders and sales.

55. Plaintiff's primary duties and responsibilities included taking orders and serving customers, interacting with customers, processing dine-in customer payments including credit and debit card transactions, taking to go and delivery orders through the telephone, packaging the orders and taking customers payments over the telephone or at pick up, and processing credit card and debit card transactions.

56. Plaintiff was paid at a rate of $5.50 per hour as a server and bartender, plus tips.

6

57. As a server and bartender, Plaintiff was required to pay 5% of Plaintiff's gross sales back to Defendants for Defendants to distribute to the food runner and sushi chef.

58. Upon information and belief, Defendants retained a portion of the 5% of gross sales paid by Plaintiff to Defendants and did not distribute the entire amount to the food runner and sushi chef.

59. The sushi chef did not have regular interaction with customers.

60. The sushi chef's station was in the back of the house, in the kitchen, out of site of customers.

61. The sushi chef was not the type of employee to customarily and regularly receive tips from customers.

62. As a food expediter for take-out and delivery orders, Plaintiff was paid at a rate of $15.00 per hour.

63. Plaintiff's customers left tips for Plaintiff on take-out orders.

64. Plaintiff did not actually receive or retain the tips left for Plaintiff by customers on take-out orders.

65. The tips left for Plaintiff by customers on take-out orders were retained by Defendants.

66. Defendants distributed all or a portion of Plaintiff's tips to Plaintiff's managers, including CINDY M. SHI.

67. Defendants used all or a portion of Plaintiff's tips to pay the wages of other employees and/or for other operational expenses.

68. Defendants' customers were not informed by Defendants that the tips they were

leaving for Plaintiff were not being kept by Plaintiff.

69. Defendants' customers were not informed by Defendants that the tips they were leaving for Plaintiff were being kept by Defendants.

70. Plaintiff was not informed by Defendants that Defendants would be retaining Plaintiff's tips.

71. During one or more workweeks, Defendants kept Plaintiff's tips in violation of the FLSA, 29 U.S.C. §203(m)(2)(B).

72. During one or more workweeks, Defendants allowed Plaintiff's managers or supervisors to keep Plaintiff's tips in violation of the FLSA, 29 U.S.C. §203(m)(2)(B).

73. During one or more workweeks, Defendants distributed a portion of Plaintiff's tips to employees who do not customarily and regularly receive tips in violation of the FLSA, 29 U.S.C. §203(m)(2)(A)(ii) and 203(t).

74. Defendants knew or showed reckless disregard as to the above violations of the FLSA.

75. Defendants did not act in good faith with respect to the above violations of the FLSA.

76. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

77. Plaintiff is owed an additional amount equal to the amount of unpaid minimum wages and unlawfully retained tips as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, the full minimum wage for all hours worked and paid less than the full minimum wage,

reimbursement of all tips unlawfully retained by Defendants, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RETALIATION

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

51 above.

79. The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

80. The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

81. Plaintiff worked for Defendants starting on approximately February 21, 2020 through June 22, 2020.

82. Plaintiff worked for Defendants as a bartender, server and food expeditor handling take-out food orders and sales.

83. Plaintiff was qualified for Plaintiff's position(s) with Defendants.

84. Defendants took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA. 29 U.S.C. §201, *et seq.*

85. Plaintiff questioned Defendants' policies with respect to Defendants retaining Plaintiff's tips, distribution of Plaintiff's tips to others including the food runner and sushi chef,

and Defendants' tip policies as they applied to other employees.

86. Defendants terminated Plaintiff's employment because of Plaintiff's complaints and questions.

87. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demand a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, CHELSEE RAYNSFORD, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

*[signature]*
CHELSEE RAYNSFORD, as Plaintiff

7/4/2020
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By: */s/Todd W. Shulby, Esq.*
    Todd W. Shulby, Esq.
    Florida Bar No.: 068365