## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

1.    This Confidential Settlement Agreement and Release ("Agreement" covers all understandings between CHELSEE RAYNSFORD ("RAYNSFORD") (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and BREEZY BUDDHA CAFÉ, LLC, SIU S. TONG and CINDY M. SHI, (hereinafter collectively referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.    For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agrees as follows:

    A.    To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 4:20-cv-10075-JLK, pending in the United States District Court for the Southern District of Florida (the "Action"), including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for re-employment assistance, a/k/a unemployment, benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

    B.    This settlement does not constitute an admission by any party of any violation of any federal, state, or local statute or regulation, or any violation of any of party's rights or of any duty owed by one party to the other.

1

C. Plaintiff acknowledges that she has no unknown or unreported workplace injuries from her employment with Defendants.

D. Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendants in any forum or form, other than the Action.

E. Plaintiff waives any right to future employment with Defendants and agrees that she shall not knowingly apply for employment with Defendants in the future.

F. Plaintiff agrees that, with the exception of the withholdings to be made by Defendants made under Paragraph 3(A)(1)(a) below which shall be remitted by Defendants to the government, Plaintiff shall be solely responsible for the payment of any taxes on the payments being made by Defendants under this Agreement. In this regard Plaintiff understands that Defendants will issue IRS Form(s) 1099 in connection with the other payments under this Agreement and Plaintiff agrees to hold Defendants harmless from any tax assessments or other penalties in connection with those non-wage payments. The Parties acknowledge that nothing herein shall constitute tax advice to the other party.

G. Plaintiff shall not disclose the terms of this Agreement to anyone except to Plaintiff's spouses, attorneys, tax advisors, or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be promptly communicated to Defendants' Counsel, Jacob K. Auerbach, Esquire, telephonically at (954) 894-3035, and confirmed thereafter in writing via e-mail to jauerbach@gallup-law.com, so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. If Plaintiff is asked about this case by any third parties, they will respond by only saying that the case was amicably resolved.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree as follows:

A. In exchange for the consideration from Plaintiff as set forth in this Agreement, Defendants agree to pay $5,000.00 to Plaintiff as follows:

(1) Within five (5) days of the dismissal of the Action, Defendants shall deliver to Plaintiff's Counsel:

(a) one check made payable to Plaintiff in the amount of $1,250.00, less withholdings, as consideration for alleged unpaid wages (Defendant will issue a W-2 to Plaintiff for this amount);

    (b) one check made payable to Plaintiff in the amount of $1,250.00, with no withholdings taken from the gross amount of the check, as consideration for alleged liquidated damages (Defendant will issue Plaintiff a 1099 for this amount);

    (c) one check made payable to Todd W. Shulby, P.A. in the amount of $2,500.00, as consideration for Plaintiff's attorneys' fees and costs.

B.     In exchange for the consideration in this Agreement from Plaintiff, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

C.     Defendants shall not disclose to any third parties: (i) the terms of this Agreement; or (ii) that Plaintiff filed any claims against Defendants. If Defendants are contacted by or communicate with any third parties about Plaintiff, Defendants agree they will confirm only the dates during which Plaintiff performed work for Defendants, the job/position Plaintiff held with Defendants, and if asked, the compensation paid to Plaintiff. In the event Defendants are compelled by force of law to disclose the existence or terms of this Agreement, Defendants agree that notice of receipt of any judicial order, subpoena, or governmental investigation shall be communicated to counsel for Plaintiff, Todd W. Shulby, Esq. with Todd W. Shulby P.A.

    4.     In the event that Plaintiff or Defendants commence(s) an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

    5.     Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

    7.     This Agreement supersedes any and all prior agreements between the parties. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and Defendants.

8.  This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

9.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 8/19/2020      Signature: _____
                                CHELSEE RAYNSFORD

DATE: Aug 24, 2020   Signature: _____
                                Shek tong (Aug 24, 2020 11:18 EDT)
                                BREEZY BUDDHA CAFÉ, LLC

DATE: Aug 24, 2020   Signature: _____
                                Shek tong (Aug 24, 2020 11:18 EDT)
                                SIU S. TONG

DATE: _____  Signature: _____
                                CINDY M. SHI

4

8. This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 8/19/2020   Signature: _____
                              CHELSEE RAYNSFORD

DATE: _____   Signature: _____
                                    BREEZY BUDDHA CAFÉ, LLC

DATE: _____   Signature: _____
                                    SIU S. TONG

DATE: Aug 24, 2020   Signature: Cindy shi (Aug 24, 2020 10:35 EDT)
                                CINDY M. SHI

4

# (Raynesford) Settlement Agreement

Final Audit Report                                                                                           2020-08-24

| | |
|---|---|
| Created: | 2020-08-24 |
| By: | Mary Escobar (mescobar@gallup-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAApAxDFOQYiLcXmG8c8OFMRSKVYHTftjxR |

## "(Raynesford) Settlement Agreement" History

- **Document created by Mary Escobar (mescobar@gallup-law.com)**
  2020-08-24 - 3:16:50 PM GMT- IP address: 64.40.129.118

- **Document emailed to Shek tong (tongshek2016@gmail.com) for signature**
  2020-08-24 - 3:17:26 PM GMT

- **Email viewed by Shek tong (tongshek2016@gmail.com)**
  2020-08-24 - 3:18:09 PM GMT- IP address: 66.102.8.109

- **Document e-signed by Shek tong (tongshek2016@gmail.com)**
  Signature Date: 2020-08-24 - 3:18:44 PM GMT - Time Source: server- IP address: 174.228.31.69

- **Signed document emailed to Mary Escobar (mescobar@gallup-law.com) and Shek tong (tongshek2016@gmail.com)**
  2020-08-24 - 3:18:44 PM GMT

Adobe Sign

# RAYNSFORD &amp; Breezy Buddha (Settlement Agreement)

Final Audit Report　　　　　　　　　　　　　　　　　　　　　　　2020-08-24

| | |
|---|---|
| Created: | 2020-08-21 |
| By: | Mary Escobar (mescobar@gallup-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA4cnptZJWM6FeLlv9P6t4VVUwxjl7BeXF |

## "RAYNSFORD &amp; Breezy Buddha (Settlement Agreement)" History

- Document created by Mary Escobar (mescobar@gallup-law.com)
  2020-08-21 - 3:52:25 PM GMT- IP address: 64.40.129.118

- Document emailed to Cindy shi (tongshek2016@gmail.com) for signature
  2020-08-21 - 3:53:13 PM GMT

- Email viewed by Cindy shi (tongshek2016@gmail.com)
  2020-08-22 - 2:59:24 AM GMT- IP address: 66.102.8.113

- Document e-signed by Cindy shi (tongshek2016@gmail.com)
  Signature Date: 2020-08-24 - 2:35:46 PM GMT - Time Source: server- IP address: 174.228.31.69

- Signed document emailed to Mary Escobar (mescobar@gallup-law.com), Cindy shi (tongshek2016@gmail.com) and Jacob Auerbach (jauerbach@gallup-law.com)
  2020-08-24 - 2:35:46 PM GMT

Adobe Sign